# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| JOHNNY WILLIAMS; WILLCAM, LLC. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| ) | |
| V. ) | CASE NO.: |
| ) | |
| ) | |
| ST. CLAIR COUNTY SCHOOL BOARD; ) | |
| SUPERINTENDENT JUSTIN BURNS; ) | |
| ) | |
| Defendants, ) | |
| ) | |

_____

## PLAINTIFFS' COMPLAINT
_____

## JURISDICTION

The jurisdiction of this court is invoked pursuant to 28 U.S.C. 1981. The jurisdiction of this court is invoked to secure the rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under of the color of State Law. Because this court has jurisdiction pursuant to federal question raised to 28 U.S.C. 1981, this Court also has supplemental jurisdiction over Mr. Williams' State-law claim.

Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) because s substantial part of the acts giving rise to this lawsuit occurred in this judicial district and Defendants conducts business and employed Mr. Williams in St. Clair County, Alabama, which is located in this judicial district.

## PARTIES

1. Plaintiff Johnny Williams, hereafter (Williams) is an African American male over the age of nineteen (19), living in St. Clair County, Alabama. Is the owner and operator of Willcam, LLC, a janitorial cleaning service.

2. Defendant St. Clair County School Board is a Domestic Corporation doing business in St. Clair County, Alabama on dates of the events that are the basis of this complaint.

3. Defendant Justin is the Superintendent of the St. Clair County School Board.

## STATEMENT OF PLAINTIFFS RACE CLAIM

4. On or about August 8, 2023, Defendants, St. Clair County School Board issued an Invitation to Bid for Contract SSC 23/24-01 System Wide Full Custodial Services. (See Exhibit "A")

5. Plaintiff is the owner of Willcam, LLC., which submitted a Bid in response to the St. Clair County School Board's Invitation to Bid for System Wide Full Custodial Services - BID SSC 23/24-01A.

6. Defendants held Bid Opening on August 14, 2023, there were four (4) companies that meet the deadline for bid submission. Those companies were (i) Willcam /(d/b/a Vanguard); (ii) R & J Janitorial; (iii) Perfection and (iv) HES. (See Exhibit "B")

7. Once Defendants open the Bids that were submitted, two (2) of the four (4) companies were eliminated for failure to submit all the necessary required documentation. The two companies that were eliminated were (i) Perfection and (ii) HES. Willcam, leaving Willcam and R & J Janitorial to compete for the BID SSC 23/24-01A.

8. On or about August 15, 2023, Plaintiff was awarded the contract for BID SSC 23/24-01A, as the lowest responsible bidder. (See Exhibit "C")

9. Plaintiff was awarded a one-year contract from <u>August 21, 2023</u>, until <u>August 20, 2024</u>. According to paragraph 2 (of the agreement). Paragraph 2 also stated "this agreement shall be renewable annually (for up to four (4) additional years) on the same terms and conditions with the mutual consent of both parties.

10. The Agreement also spelled out the terms for termination for Convenience (paragraph 3); and Termination for Cause (paragraph 4).

11. Paragraph 8, of Agreement outlines that Plaintiff was consider an "Independent Contractor and not an employee, servant, agent, partner, or a party to a joint venture with the board."

12. On or about September 22, 2023, Defendants terminated Agreement, by sending Plaintiff an email informing them that their services were no longer needed.

## VIOLATION OF ALABAMA COMPETITIVE BID LAW

13. Plaintiff was not given neither a 30-day notice as required for Termination for Convenience (paragraph 3) nor a 10-day notice as required for Termination for Clause (paragraph 4). Plaintiff was abruptly dismissed without notice and told to not return to any campus. (See Exhibit "D")

14. Upon firing Plaintiff, Defendants gave BID SSC 23/24-01A not to the only other company that successfully submitted a bid for the system wide custodial services. Instead, Defendants gave system wide custodial service contract to a company (Perfection) that was eliminated from the bidding process for failure to submit required documents. Which is a clear violation of the State of Alabama Competitive Bid Law.

15. Defendants entered into a contract with Perfection before terminating the contract that Plaintiff was awarded through the bid process – BID SSC 2324-01A. Plaintiff avers that

he received notice of his contract being terminated on Friday: September 22, 2023. However, Bubba Ingram/Perfection was meeting with the employees of Willcam, LLC as early as Thursday: September 21, 2023, telling them that he was going to hire them and to return to work as normal on Monday: September 24, 2023.

16. Perfection the company that Defendants gave the system wide full custodial services contract to, is owned by Bubba Ingram, a Caucasian male.

17. Bubba Ingram/Perfection hired all of Plaintiff's staff, that was providing custodial service to the school in Defendants' Schools System. In addition to hiring the entire staff of Willcam, Bubba Ingram/Perfection did not reassign any employees to different schools, they remained at the same school(s) they were assigned to by Willcam.

18. Plaintiff's contract was wrongfully and illegally terminated, and then given to a company that was eliminated and not qualified to be awarded the BID Contract, during the bidding process. Said company – Perfection, then hired all plaintiff's staff and left them at the schools as assigned by Plaintiff. Therefore, the schools are being cleaned by the same individuals that were cleaning the schools when Plaintiff had the contract.

19. The only thing that changed was who the Defendants paid for BID SSC 23/24-01A. Plaintiff an African American owner of Willcam was ceremoniously fired. Perfection, a Caucasian owned company was chosen to replace Plaintiff. The same individuals are cleaning the schools (system wide), the only thing that changed was who was benefiting from the contract!

20. Defendants did not give Plaintiff a reason nor explanation for terminating the contract, and it could not have been because of failure to perform duties. Because the same individuals

are still cleaning the schools (system wide), in the same manner and format as they were when Plaintiff was benefiting from the contract.

21. Defendants actions constitute a clear violation of 42 U.S.C. §1981(a), which guarantees an individual the right *"to make and enforce contracts, to sue, be parties, give evidence and to the full and equal benefit of all laws and proceeding for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind and to no other."*

22. Plaintiff has previously been awarded custodial contracts by Defendants and has never received any complaints or negative reviews about the services he provided to Defendants. Plaintiff has over twelve (12) years' experience providing custodial services to Defendants, with nothing but excellent reviews.

23. The 2023 -2024 School Year was the first time Defendants bid the custodial services contract system wide or for the whole school system. Prior to 2023 – 2024 School Year Defendants would bid the contract for custodial services out by sector of schools, not system wide. Plaintiff previously won bids for clean several schools in St. Clair County and had been providing custodial services to Defendants for twelve (12) years, in one capacity or another.

24. When defendants wrongfully terminated the contract between it and Plaintiff, Defendants violated Alabama Statute §16-13B-1, Alabama State Bid Law. Section 16-13B-1(a) states:

> *the general rule that all contracts entered into by boards of education involving $15,000 or more, apart from public works contracts, shall be entered into "by free and open competitive bidding, on sealed bids, to the lowest responsible bidder."* (emphasis added)

Section 16-13B-4(e) further states:

> *that contracts may not be divided into parts less than $15,000 in order to avoid the competitive bidding requirements; instead, such contracts are void*. (emphasis added)

25. The Alabama Competitive Bid Law, §16-13B-1(b) states: "If the lowest responsible bidder defaults on its obligations, the board of education may terminate the award of the contract and award it to the second-lowest responsible bidder without rebidding, so long as the terms, conditions, and price of the award are the same or better than the original bid submitted by the second-lowest responsible bidder." Defendants fail to abide by §16-13B-7(b), when they terminated Plaintiff and awarded contract to an unqualified bidder.

26. The Alabama Competitive Bid Law addresses Defendants actions in §16-13B-9 states: "no contact awarded to the lowest responsible bidder shall be assignable by the successful bidder without written consent of the awarding authority, ***and in no event shall a contract be assigned to an unsuccessful bidder whose bid was rejected because he or she was not a responsible bidder.***" **(emphasis added).** The Alabama Legislature specifically addressed unsuccessful bidder whose bid was rejected, saying in no way can bidder who deemed a successful bidder assign a contract to an unsuccessful bidder. I am positive, the Alabama Legislature did not intend for the awarding authority to award a contract to an unsuccessful bidder, and without reopening the bidding process.

27. Defendants did just that, they awarded Perfection who was removed from bidding for BID SCC 23/24–01A. Defendants clearly violated the Alabama Competitive Bid Law, when it illegally terminated Plaintiff and then awarded Perfection – an unsuccessful bid who was eliminated from the bidding process, the contract without reopening the bidding process. And there was another successful bidder, who was overlooked by Defendants. Section 16-13B-7(a) details the process for awarding the contract should the lowest responsible bidder be awarded the bid and then after terminated. Yet, Defendant chose not to comply with policies and procedures in the Alabama Competitive Bid Law.

## Defendants History of Noncompliance

28. Defendants have a history of violating Alabama's Competitive Bid Law Processes and Procedures. The Alabama Department of Examiners of Public Accounts in an audit for the period of Oct 1, 2021 through September 20, 2022, found that Defendants in noncompliance with State and local laws and regulations.

29. The most notable instances of noncompliance cited in that summary of the audit report were the failure of the Defendants to make competitive bid purchases and to ensure that all public works projects were bid out in compliance with State Law.

30. In response to the State Audit finding, St. Clair County School Board Superintendent Justin Burns wrote "The board has implemented policies and procedures to ensure compliance with the Public Works Law. ... was the result of a personnel matter that has been addressed."

31. Yet, Defendants continued its practice of noncompliance with the Alabama State Bid Laws, just a few months later when it terminated Plaintiff Contract with cause, and without giving Plaintiff due process. Then, awarding the contract to an individual/company that was not a responsible bidder, without reopening the bidding process.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff request the following relief:

1. Grant Plaintiff an order requiring Defendants to make Plaintiff whole by granting appropriate relief for breaching contract Plaintiff was awarded.

2. Grant Plaintiff a permanent injunction enjoining Defendants, its agents, successors, employers, attorneys and those acting in concert therewith from continuing to violate the civil rights laws, as well as the Alabama Competitive Bid Law.

3. Plaintiff prays for attorney fees and such other and further, different, or additional relief as justice may require.

Respectfully Submitted,

/s/ Otis Stewart Jr.
Otis Stewart Jr. (STE191)
Attorney for Plaintiff

**OF COUNSEL**
THE STEWART FIRM, LLC
208 23rd STREET NORTH
BIRMINGHAM, ALABAMA 35203
Tel:        (205) 267 – 1226
Fax:       (205) 387 – 3472
Email:    tsostewart@yahoo.com

# CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to the following, or if not electronically served, I have mailed a copy of the same via first class mail United States Mail, post prepaid, to the following:

**St. Clair County School Board**
ATTN: Justin Burns, Superintendent
410 Roy Drive
Ashville, Alabama 35953

John W. Rea, Board Attorney
Trussell, Funderburg, Rea, Bell & Furgerson, P.C.
1905 First Avenue South
Pell City, Alabama 35125

**OF COUNSEL**
Otis Stewart Jr.