# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| JOHNNY WILLIAMS and WILLCAM, LLC. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| V. ) | CASE NO.: 4:24-cv-00617 |
| ) | |
| ST. CLAIR COUNTY SCHOOL BOARD; ) | |
| JUSTIN BURNS, INDIVIDUALLY AND ) | |
| IN HIS OFFICIAL CAPACITY AS SUPER- ) | |
| INTENDENT OF THE ST. CLAIR COUNTY ) | |
| SCHOOL BOARD ) | |
| ) | |
| Defendants, ) | |

_____
## PLAINTIFFS' COMPLAINT
_____

## INTRODUCTION

The Plaintiff, **JOHNNY WILLIAMS,** individually and as the Managing Member of Willcam, LLC, files his Complaint against St. Clair County School Board and Justin Burns, Individually and in his capacity as Superintendent of the St. Clair County School Board, pursuant to the provisions of 42 U.S.C. § 1981, the Alabama Competitive Bid Law, and other applicable laws, to correct the unlawful and discriminatory practices in its making and performance of contracts, and specifically the victims of such practices involving members of the African American race, and seeks appropriate relief as the result of being adversely affected by such actions, stating as follows:

## I.
## THE PARTIES

1. Plaintiff Johnny Williams, hereafter (Williams), is an adult African American male resident citizen of the state of Alabama who is over the age of nineteen (19) years, and residing in St. Clair County, Alabama. Williams is the owner and Managing Member of Willcam, LLC, a janitorial cleaning service,

with its principal place of business located at Jefferson County, Alabama. At all times relevant, Williams was a taxpayer within the St. Clair County School District and a bona fide successful bidder on a particular contract described and complained of herein, as the result of the termination of same by Defendants Justin Burns and the St. Clair County School Board.

2. Defendant St. Clair County School Board is a Domestic Corporation doing business in St. Clair County, Alabama (St. Clair) on dates of the events that are the basis of this complaint. St. Clair is composed of seven members, 7 white and 0 black. St. Clair's duties governing the system and establishes a vison and expectation for the system.

3. Defendant Justin Burns (Burns) is an adult Caucasian male who is Superintendent of the St. Clair County School Board. His duties as St. Clair's Superintendent include serving as the system's chief operating officer, implementing board policies and overseeing daily operations.

## II.
## JURISDICTION AND VENUE

4. The allegations of the preceding paragraphs are incorporated herein by reference as if fully set forth herein.

5. Jurisdiction of this Court is invoked pursuant to 28 U. S. C. §§ 1331and 1343 as this action arises under laws of the United States of America and this action is commenced to recover damages and/or equitable relief under an Act of Congress which provides for the protection of civil rights with such action being brought under 28 U.S.C. 1981.

6. Venue is proper under 28 U.S.C. § 1391(b)(2) as the practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Alabama, Middle Division. this Court also has supplemental jurisdiction over Williams' State-law claim pursuant to 28 U.S.C. § 1367.

## III.

## THE FACTS

7. The allegations of the preceding paragraphs are incorporated herein by reference as if fully set forth herein.

8. In August 2023, Williams had been operating as a janitorial service with numerous contracts with various school districts within the Metro area of Birmingham, Alabama. In fact, Williams was in the process of completing a custodial contract he had been awarded by Defendants without having received any complaints or negative reviews for the services provided. In August 2023, Williams had provided custodial services for Defendants, with nothing but excellent reviews, for more than twelve (12) years.

9. The 2023-2024 School Year was the first time Defendants bid the custodial services contract system wide or for the whole school system. Prior to that School Year, Defendants had bid this contract by sector of schools, not system wide. As set forth in the preceding paragraph, Plaintiff had successfully bid on contracts to clean several schools for Defendants.

10. On or about August 8, 2023, St. Clair and Burns issued an Invitation to Bid for Contract SSC 23/24-01 System Wide Full Custodial Services (Invitation to Bid). (See Exhibit "A") Plaintiff Williams responded by submitting a bid when the Bid Opening was held on August 14, 2023.

11. In addition to Williams, three (3) other companies that met the deadline for bid submission. Those companies were (i) R & J Janitorial; (ii) Perfection; and (iii) HES. (See Exhibit "B")

12. When the Bids were opened, two of the bidding companies, Perfection and HES, were determined not qualified to bid and were eliminated from bidding because they failed to submit all required documentation. Consequently, only Plaintiff Williams and R & J Janitorial remained as competitive bidders for BID SSC 23/24-01A.

13. On or about August 15, 2023, Plaintiff was awarded the contract for BID SSC 23/24-01A, as the lowest responsible bidder. (See Exhibit "C") He was awarded a one-year contract from August 21,

2023, until August 20, 2024.  (See ¶ 2 of the Agreement) "[T]his Agreement shall be renewable annually (for up to four (4) additional years) on the same terms and conditions with the mutual consent of both parties."  See Id.

14.  The Agreement also provided spelled that it could be terminated for Convenience on 30 days' notice. (See ¶ 3 of the Agreement) It could be terminated for cause on 10 days' notice. (See ¶ 4 of the Agreement) Burns and St. Clair abruptly terminated the Agreement on or about September 22, 2023 via email to Williams.  The email stated that his services were no longer needed and that he was not to return to any campus within the St. Clair District. (See Exhibit "D")

15. As soon as Burns and St. Clair terminated the Agreement, rather than award BID SSC 23/24-01A to R & J Janitorial, the only other company to submit a successful bid, they gave the Bid to Perfection. They awarded it to Perfection despite the fact that it was eliminated from the bidding process for failure to submit required documents.

16.  Perfection is a company owned and controlled by whites.  Between the time the contract was awarded to Plaintiff Williams on August 15, 2023, and September 22, 2023, Burns and St. Clair conspired with Bubba Ingram (Ingram), a white Caucasian male and owner of Perfection, to subvert the bidding process for the purpose of giving the contract to Ingram and Perfection.

17. Prior to Plaintiff Willaims receiving notice that the contract was being terminated on Friday, September 22, 2023, Bubba Ingram, Perfection was meeting with the Williams's employees on Thursday September 21, 2023.  Ingram told these employees that he was going to hire them and to return to work as usual on that following Monday, September 24, 2023.

18.  Ingram did in fact hire all of Plaintiff's staff that was providing custodial service to the St. Clair schools. Not only did he hire Williams's employees, none were reassigned to different schools or different job assignments.

19. These employees remained at the same school(s) they were previously assigned while working for Williams without any change whatsoever. The only thing that changed was that now Perfection, a white-owned company had the contract, and Williams, a black owned company, did not. The schools are still being cleaned by the same individuals that were doing so when Plaintiff Williams had the contract.

## IV.
## CAUSES OF ACTION

**COUNT I: (RACE DISCRIMINATION UNDER 42 U.S.C. § 1981)**

20. The allegations of the preceding paragraphs are incorporated herein by reference as if fully set forth herein.

21. Williams is a person within the meaning of 42 U.S.C. § 1981 and is therefore protected under the provisions set forth therein.

22. Defendants intentionally engaged in illegal discriminatory conduct against Williams in the way and manner set forth above because he is of the African American race. Defendants 'intentional discriminatory actions involved the making and enforcement of contracts.

23. As the proximate result of Defendants' illegal and discriminatory actions, Williams suffered injuries and damages. Such injuries and damages were foreseeable.

**COUNT II: (ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 1988)**

24. This action to enforce the provisions of 42 U.S.C. § 1981 provides for the award attorney's fees as part of the costs in order to encourage and reward private enforcement of civil rights laws.

24. There are no special circumstances in this case which would justify a denial of attorney's fees. Therefore, upon prevailing on the claims predicated under 42 U.S.C. § 1981, the Plaintiff would be entitled to an award of attorney's fees.

**COUNT III – VIOLATION OF ALABAMA COMPETITIVE BID LAW**

26. The Alabama Competitive Bid Law prohibits school districts from entering into a contract involving more than $15,000 without holding a free and open competitive bidding, on sealed bids, to the lowest responsible bidder.  Such contracts are void.

27.   Under the Alabama Competitive Bid Law "[i]f the lowest responsible bidder defaults on its obligations, the board of education may terminate the award of the contract and award it to the second-lowest responsible bidder without rebidding, so long as the terms, conditions, and price of the award are the same or better than the original bid submitted by the second-lowest responsible bidder." **(CITE)**

28. Furthermore, "no contract awarded to the lowest responsible bidder shall be assignable by the successful bidder without written consent of the awarding authority, ***and in no event shall a contract be assigned to an unsuccessful bidder whose bid was rejected because he or she was not a responsible bidder.***" Id.  (Emphasis added).

29. Defendants' actions violated the Alabama Competitive Bid Law when they awarded the contract to Perfection as its bid had been rejected and it had been removed from bidding for BID SCC 23/24–01A.

30. Defendants continued to violate the Alabama Competitive Bid Law by illegally terminating the contract awarded to Plaintiff and then awarding it to Perfection. Neither did Defendants reopen the bidding process nor did they award the contract to R & J Janitorial Services, as the only other responsible bidder in the bidding process.

31. As a result of these violations, Plaintiff Willaims suffered injuries and damages as a taxpaying citizen of St. Clair County, Alabama was foreseeable.

**COUNT IV – BREACH OF CONTRACT**

32. Defendants entered into a valid and binding contract with Plaintiff Williams when it awarded the contract to him. With a gross and callous disregard for Plaintiff Willaims' rights, Defendants failed and refused to perform their part of the bargain by terminating the contract without just cause or convenience.

33. Defendants refused to pay Plaintiff Williams the remainder owed on the contract without just cause. At all times relevant, Plaintiff Willaims was ready and willing to fully perform his part of the bargain. In taking these actions, Defendants breached the contract.

**COUNT V - NEGLIGENCE**

31. Defendants had a duty to conduct its business in a manner that complied with the federal and state law provisions of 42 U.S.C. § 1981 and the Alabama Competitive Bid Law. Defendants breached this duty by failing to comply with these laws as set forth above.

32. As a result of Defendants' breaches of these duties, Plaintiff Williams suffered injuries and damages. These injuries and damages were foreseeable.

**COUNT VI - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

33. That Defendants' negligent failure to act reasonably and prudently in the making and/or performance of the contract as set forth herein, resulted in the negligent infliction of mental and emotional distress upon the Plaintiff.

34. Such negligent infliction of mental and emotional distress and the harm and damages caused by same was reasonably foreseeable.

**COUNT VII – CIVIL CONSPIRACY**

35. The actions of Burns, St. Clair, and Ingram engaged in a concerted effort to subvert the Alabama bidding process to take the lawfully awarded contract from Plaintiff Williams.

36. The purpose of this concerted effort was to achieve the unlawful purpose of achieving having the contract awarded to Ingram and his company, Perfection, through the unlawful means of subverting the Alabama bidding process.

37. These actions had as it object and purpose to cause damage to Plaintiff Willimas. Such damage was to be reasonably be expected to flow from their actions and in fact was what was contemplated when they acted as they did.

38. The actions of Burns, St. Clair, and Ingram had a duty to act in such a way as to not cause Plaintiff Williams to suffer damage.

39. The actions of Burns, St. Clair, and Ingram constitute the tort of civil conspiracy.

## V.
## DEMAND FOR JURY TRIAL

40. That the allegations of the preceding paragraphs are incorporated herein by reference as if set forth in full herein.

41. That the Plaintiff hereby requests a jury trial on all questions of fact that are raised in his Complaint.

## IV.
## PRAYER FOR RELIEF

42. That the allegations of the preceding paragraphs are incorporated herein by reference as if set forth in full herein.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that he be made whole by ordering Defendants to provide the following:

a.  a permanent injunction enjoining Defendants, its agents, successors, employers, and those acting in concert therewith from continuing to violate the civil rights laws, as well as the Alabama Competitive Bid Law.

b. Compensation for past and future pecuniary losses resulting from the unlawful and discriminatory practices complained of herein, as well as losses suffered for breach of the contract, emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in an amount to be determined at trial;

c.  Punitive damages for its malicious and reckless conduct described herein in an amount to be determined at trial;

d.  Pre and Post Judgment interest;

e.  Attorneys' fees, costs, and expenses; and

f.  Such other, further, and different relief as the Court deems just and proper under the premises.

**RESPECTFULLY SUBMITTED,** this 5th day of June, 2024.

Respectfully Submitted,

/s/ Otis Stewart Jr.
Otis Stewart Jr. (STE191)
Attorney for Plaintiff

**OF COUNSEL**
THE STEWART FIRM, LLC
208 23rd STREET NORTH
BIRMINGHAM, ALABAMA 35203
Tel:          (205) 267 – 1226
Fax:         (205) 387 – 3472
Email:       tsostewart@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to the following, or if not electronically served, I have mailed a copy of the same via first class mail United States Mail, post prepaid, to the following:

**St. Clair County School Board**
ATTN: Justin Burns, Superintendent
410 Roy Drive
Ashville, Alabama 35953


John W. Rea, Board Attorney
Trussell, Funderburg, Rea, Bell & Furgerson, P.C.
1905 First Avenue South
Pell City, Alabama 35125

**OF COUNSEL**
Otis Stewart Jr.

*Plaintiffs Revised Complaint*