FILED

2024 Jul-19  AM 10:44
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **JOHNNY WILLIAMS and WILLCAM, LLC.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No: 4:24-CV-00617-CLM** |
| | ) | |
| **ST. CLAIR COUNTY SCHOOL BOARD; JUSTIN BURNS, individually and in his official capacity as SUPERINTENDENT OF THE ST. CLAIR COUNTY SCHOOL BOARD** | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANT JUSTIN BURNS' CONSOLIDATED MOTION TO DISMISS COMPLAINT AND BRIEF IN SUPPORT THEREOF

**COMES NOW** Defendant **Justin Burns** ("Dr. Burns"), sued as Superintendent of the St. Clair County Board of Education, and offers this *Consolidated Motion to Dismiss and Brief in Support Thereof* as to the Plaintiffs' claims asserted against him in the *Complaint* (Doc. 2), pursuant to FED. R. CIV. P. 12(b)(6). The grounds for this motion are stated herein.

### STANDARD OF REVIEW

A motion to dismiss is due to be granted when the motion demonstrates "beyond doubt that the plaintiffs can prove no set of facts in support of his claim

which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Flint v. A.B.B. Inc.*, 337 F.3d 1326, 1328-29 (11th Cir. 2003).

The *Federal Rules of Civil Procedure* require a complaint to contain a short and plain statement showing the pleader is entitled to relief. FED R. CIV. P. 8. The United States Supreme Court addressed federal court notice pleading in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In *Twombly*, the Court stated that a complaint must contain "enough facts to state a claim to relief that is *plausible* on its face." 550 U.S. at 570 (emphasis added). The Court made it clear that "a formulaic recitation of the elements of a cause of action" is insufficient, and "a legal conclusion couched as a factual allegation" is not entitled to a presumption of truth against a dispositive motion. *Id.* at 555. Following *Twombly*, the Court in *Iqbal* elaborated that "[a] claim has facial plausibility when the plaintiffs plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678.

## **ARGUMENT**

The *Complaint* brings seven claims against Dr. Burns and the St. Clair County Board of Education:

Count I-        Race Discrimination Under §1981

Count II-       Attorney's Fees for §1981 Pursuant to §1988

Count III-   Violation of Alabama Competitive Bid Law

Count IV-   Breach of Contract

Count V-    Negligence

Count VI-   Negligent Infliction of Emotional Distress

Count VII-  Civil Conspiracy

As a preliminary matter, this is a contract dispute concerning a private party and the St. Clair County Board of Education ("Board"). The *Complaint* fails to allege any wrongdoing or violation of law by Dr. Burns. The *Complaint* fails to allege any specific misconduct by Dr. Burns and instead lumps him in with the Board, as if they are one and the same. Dr. Burns is not a proper Defendant in this matter. All of these claims fail.

## I.   NEITHER PLAINTIFFS ARE THE  REAL PARTY IN INTEREST.

There is no "Willcam LLC" existing in Alabama.[1]  Thus, Plaintiff Williams cannot be a member of the nonexistent Willcam LLC. There is a "Willcam, Inc" in Alabama, but Johnny Williams is not listed in the Alabama Secretary of State records for the entity. Further, Exhibit "C" to the *Complaint* is purportedly a contract between the Board and Willcam, Inc. (Doc. 2-3). That contract does not mention Plaintiff Williams. None of the contract documents submitted reflect a Willcam LLC.

---

[1] Dr. Burns requests that the Court take judicial notice from the Alabama Secretary of State database, containing public records of business entities.

"An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17. Neither Plaintiff is the real party in interest.[2] Nor does either Plaintiff have standing. See *Salcedo v. Hanna*, 936 F.3d 1162, 1166 (11th Cir. 2019).

## II.   INCORPORATION OF BOARD'S ARGUMENTS, AUTHORITIES AND FILINGS.

The Board and Dr. Burns complied with all applicable federal and state law during the time period at issue. The co-Defendant, St. Clair Count Board of Education has, or subsequently will, file a *Motion to Dismiss* addressing the Plaintiffs' *Complaint*. For purposes of judicial efficiency, Dr. Burns incorporates herein by reference the Board's arguments and filings therefrom. The Board's *Motion to Dismiss* thoroughly addresses the legality of the respective bid process and contractual relationship(s), effectively eviscerating all claims in the *Complaint*. In addition to the those arguments and filings, Dr. Burns provides the following.

## III.   THE *COMPLAINT* DOES NOT COMPLY WITH RULE 8.

Generally speaking, the *Complaint* is an impermissible shotgun pleading, in violation of Rule 8. "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). The *Federal Rules of Civil Procedure* require a complaint to contain a short and plain statement showing the pleader is entitled to relief. FED R. CIV. P. 8. The United States

---

[2]Even if this case was filed in the name of the correct entity, an employee of that company has no right to assert a §1981 claim, as explained herein.

Supreme Court addressed federal court notice pleading in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In *Twombly*, the Court stated that a complaint must contain "enough facts to state a claim to relief that is *plausible* on its face." 550 U.S. at 570 (emphasis added). Claims must be identified "with sufficient clarity to enable the defendant to frame a responsive pleading[.]" *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005).

One of the four types of shotgun pleadings is when the pleading asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). Plaintiffs' *Complaint* does just that. The *Complaint* generally alleges all seven (7) claims against both Defendants. It is unclear how either Defendant allegedly caused or contributed to the respective violation. Dr. Burns cannot respond to the *Complaint* due to its failure to identify how he, as opposed to the Board, can be responsible for the Board's contractual relationships for school janitorial services. The *Complaint* fails to identify any misconduct by Dr. Burns whatsoever that would entitle Plaintiff(s) to relief. As a matter of law, no reasonable inference can be drawn that Dr. Burns is liable under the *Complaint*.

Additionally, Count II in particular fails to present an independent cause of

action alleging any plausible claim for relief.  Count II is merely a demand for attorney's fees arising out of the preceding §1981 claim in Count I.  Thus, Count II fails to state "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  Nothing in Count II allows the fact-finder to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Count II fails to allege any misconduct whatsoever.  Thus, Count II fails as a matter of law.  The *Complaint* is due to be dismissed for, inter alia, its failure to comply with Rule 8.

## IV.   PLAINTIFFS' §1981 CLAIM FAILS.

Count I of the *Complaint* is a claim for "Race Discrimination Under 42 U.S.C. §1981" against all Defendants. (Doc. 2, p. 5).  It is not brought pursuant to §1983. The Eleventh Circuit Court in *Baker v. Birmingham Bd. of Educ.*, 531 F.3d 1336 (11th Cir. 2008), discussed claims alleging violation of  § 1981:

> Section 1981 does not provide a cause of action against state actors; instead, claims against state actors or allegations of § 1981 violations must be brought pursuant to § 1983. *Butts v. County of Volusia*, 222 F.3d 891, 892-94 (11th Cir. 2000).

531 F.3d at 1337-38.  The §1981 claim cannot stand independently against an individual government actor, like Dr. Burns. *Wilson v. Pettway*, No. 2:19-CV-448-AMM, 2022 WL 453535, at *3 (N.D. Ala. Feb. 14, 2022) (citing *Butts v. Cnty. of Volusia*, 222 F.3d 891, 892-95 (11th Cir. 2000)).

Additionally, Plaintiff-Williams cannot assert a §1981 claim due to his affiliation with the Willcam business.  In other words, "a plaintiff cannot state a §1981 claim unless he has (or would have) rights under the existing (or proposed) contract that he wishes 'to make and enforce.'" *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 470, 126 S. Ct. 1246, 1246, 163 L. Ed. 2d 1069 (2006).  Nor do business entities themselves possess a clearly established right to sue under §1981. *Sheba Ethiopian Rest., Inc. v. DeKalb Cnty., Georgia*, No. 21-13077, 2023 WL 3750710, at *8 (11th Cir. June 1, 2023).  Count I fails as to all Plaintiffs.

## V.   VIOLATION OF ALABAMA COMPETITIVE BID LAW,  COUNT III, FAILS AS TO DR. BURNS.

As reflected in the Board's *Motion to Dismiss*, Count III fails per se.  However, even if the *Complaint* presented a viable bid law claim, it could not be brought against Dr. Burns.  As the *Complaint* alleges, "[t]he Alabama Competitive Bid Law prohibits <u>school</u> <u>districts</u> from entering into a contract involving more than $15,000 without holding a free and open competitive bidding, on sealed bids, to the lowest responsible bidder." (Doc. 2, p. 6, ¶26) (emphasis added).  The law only applies to the:

> Alabama Fire College, the district boards of education of independent school districts, the county commissions, the governing bodies of the municipalities of the state, and the governing boards of instrumentalities of counties and municipalities, including waterworks boards, sewer boards, gas boards, and other like utility boards and commissions.

Ala. Code § 41-16-50.   The bid law provides no mandates on Dr. Burns, an individual.  Count III fails to allege any wrongdoing or state any viable claim as to Dr. Burns.

## VI.   BREACH OF CONTRACT, COUNT IV, FAILS AS A MATTER OF LAW.

The *Complaint* improperly brings Count IV, breach of contract, against both Defendants.   However, the *Complaint* fails to reference any contract to which Dr. Burns was a party.  Dr. Burns is merely an employee (i.e., Superintendent) of the Board, not the Board itself.  Thus, Dr. Burns is an improper party to the breach of contract claim.

"The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiff's performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." *Shaffer v. Regions Fin. Corp.*, 29 So. 3d 872, 880 (Ala. 2009) (quoting *Reynolds Metals Co. v. Hill*, 825 So. 2d 100, 105 (Ala. 2002)).  The agent/employee of a contracting party cannot be liable for that party's breach of contract. *Smith v. Glasscock*, No. 2:18-CV-870-ECM, 2020 WL 2311670, at *5 (M.D. Ala. May 8, 2020) (citing *Harrell v. Reynolds Metals Co.*, 495 So. 2d 1381, 1389 (Ala. 1986)).  The plaintiffs cannot maintain a breach of contract action against a party without the existence of a valid contract binding the plaintiffs and that party.  *Capmark Bank v. RGR, LLC*, 81 So. 3d 1258, 1267 (Ala.

2011). Thus, a non-party to a contract is not a proper defendant to a breach of contract claim. *See Ligon Furniture Co. v. O.M. Hughes Ins*., Inc., 551 So. 2d 283, 285 (Ala. 1989).

Dr. Burns was not (nor was he potentially) a party to the contract and thus cannot be sued for a breach of said contract. Willcam, Inc. contracted with the Board. Plaintiffs fail to allege any privity of contract with Dr. Burns. Accordingly, Defendant Dr. Burns is entitled to dismissal of the breach of contract claim in Count IV.

## VII.   NEGLIGENCE, COUNT V, FAILS AS A MATTER OF LAW.

Similarly, the negligence claim fails. "The elements of a negligence claim are a duty, a breach of that duty, causation, and damage." *Prill v. Marrone*, 23 So. 3d 1, 6 (Ala. 2009) (quoting *Armstrong Bus. Servs., Inc. v. AmSouth Bank*, 817 So.2d 665, 679 (Ala.2001)). As stated earlier, this matter is a contract dispute regarding school janitorial services. The Plaintiffs cannot morph a contract dispute into a tort claim. "[A] mere failure to perform a contractual obligation is not a tort." *Gustin v. Vulcan Termite & Pest Control, Inc.*, 331 So. 3d 601, 605 (Ala. 2020) (quoting *Barber v. Business Prods. Ctr., Inc*., 677 So. 2d 223, 228 (Ala. 1996)).

Count V fails to even allege any breach of duty owed by Dr. Burns that caused Plaintiffs damages. Instead, it only relates to the Board's compliance with §1981 and the Alabama Competitive Bid Law. Accordingly, the negligence claim (and all other

claims) fails as to Dr. Burns.

## VIII.  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, COUNT VI, FAILS AS A MATTER OF LAW.

Count VI fails as a matter of law. Undoubtedly, "Negligent Infliction of Emotional Distress" is not recognized under Alabama law. *Hardesty v. CPRM Corp.*, 391 F. Supp. 2d 1067, 1071 (M.D. Ala. 2005) (citing *AALAR, Ltd., Inc. v. Francis*, 716 So. 2d 1141, 1144 (Ala. 1998)); *Gideon v. Norfolk S. Corp.*, 633 So. 2d 453, 454 (Ala. 1994).  Accordingly, Count VI is due to be dismissed.

## IX.    COUNT VII, CIVIL CONSPIRACY, FAILS AS A MATTER OF LAW.

The civil conspiracy claim fails.  "In order to succeed on a civil-conspiracy claim, the plaintiffs must prove a concerted action by two or more people that achieved an unlawful purpose or a lawful end by unlawful means." *Luck v. Primus Auto. Fin. Servs., Inc.*, 763 So. 2d 243, 247 (Ala. 2000) (citing *McLemore v. Ford Motor Co.*, 628 So.2d 548 (Ala.1993)).  It is well established that "liability for civil conspiracy rests upon the existence of an underlying wrong and [that] if the underlying wrong provides no cause of action, then neither does the conspiracy." *Ex parte Alabama Dep't of Transp.*, 764 So. 2d 1263, 1271 (Ala. 2000)(quoting *Jones v. BP Oil Co.*, 632 So.2d 435, 439 (Ala.1993)).  In order to participate in the conspiracy, Dr. Burns must have some power to act.  Yet, only the Board can "take the legally awarded contract from Plaintiff Williams." (Doc. 2, ¶35).  Dr. Burns has

no such power. Nor do Plaintiffs allege Dr. Burns can control the Board.  For the reasons stated herein, there can be no civil conspiracy claim due to the lack of an underlying cause of action.

## X.   ANY STATE LAW CLAIMS AGAINST DR. BURNS ARE BARRED BY IMMUNITY.

Assuming Plaintiffs claims overcome the previous arguments, the state law claims cannot overcome immunity.

### a.   *Absolute State Immunity Bars Official Capacity Claims*

"Article I, § 14, ALA. CONST. (1901), provides that the state of Alabama shall not be made a defendant in any court of law or equity.  This is the basis for the doctrine of sovereign immunity." *Louviere v. Mobile County Board of Education*, 670 So.2d 873, 877 (Ala. 1995).  The sovereign immunity conferred by Article I, § 14 has been well-established by Alabama appellate courts and has been described by the Alabama Supreme Court as a "nearly impregnable" and "almost invincible" "wall" that provides the state an unwaivable, absolute immunity from suit in any court. *Ex parte Town of Lowndesboro*, 950 So. 2d 1203, 1206 (Ala. 2006); *Alabama Agric. & Mech. Univ. v. Jones*, 895 So.2d 867 (Ala. 2004); *Patterson v. Gladwin Corp.*, 835 So.2d 137, 142 (Ala. 2002); and *Alabama State Docks v. Saxon*, 631 So.2d 943, 946 (Ala. 1994).  The Supreme Court recently explained the plenary nature of State immunity in *Ex parte Jackson County Board of Education*:

> Section 14, Ala. Const. 1901, provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." This section affords the state *and its agencies* an "absolute" immunity from suit in any court. Indeed, this Court has described §14 as an almost invincible wall of immunity. This wall of immunity is nearly impregnable, and bars almost every conceivable type of suit. Moreover, if an action is an action against the State within the meaning of §14, such a case presents a question of subject-matter jurisdiction which cannot be waived or conferred by consent.

4 So. 3d 1099, 1102 (Ala. 2008) (citations omitted).

It is also a well-established principle of Alabama jurisprudence, as recognized by the Alabama Supreme Court's decision in *Ex parte Boaz City Board of Education*, 82 So.3d 660 (Ala. 2011), that local boards of education, both county and city, are responsible for the dispensation of a state function, namely educating the citizens of the state, and, as such, are local agencies of the state of Alabama for purposes of the state's sovereign immunity. *E.G. Hutt v. Etowah Co. Bd. of Educ.*, 454 So. 2d 973 (Ala. 1984); *See also Louviere v. Mobile Co. Bd. of Educ.*, 670 So. 2d 873, 877 (Ala. 1995); *L.S.B. v. Howard*, 659 So. 2d 43, 44 (Ala. 1995) ("Municipal and county boards of education are local agencies of the State and partake of the State's sovereign immunity"); *Carroll v. Hammett*, 744 So. 2d 906, 910 (Ala. 1999) ("County boards of education are deemed to be local agencies of the State for purposes of applying the State's sovereign immunity under Art. I, § 14, of the Constitution of Alabama of 1901"); *Ex Parte Hale County Board of Education*, 14 So.3d 844, 848 (Ala. 2009); *and Ex parte Jackson County Board of Education*, 4 So.3d 1099, 1102 (Ala. 2008)

("For purposes of §14 immunity, county boards of education are considered agencies of the state.")

This immunity applies to contract claims, as well. In *Ex parte Hale County Board of Education*, the Supreme Court "reasserted the *absolute* constitutional immunity of county boards of education," overruling earlier decisions that had been interpreted as recognizing an exception to the State immunity of school boards that allowed breach-of-contract actions. 14 So.3d at 848 (emphasis added). Also, in *Central Alabama Community College v. Robinson*, No. 2080475, 2009 WL 4506552 (Ala.Civ.App. December 4, 2009) and *Gulf State Park Authority v. Gulf Beach Hotel, Inc.*, 22 So.3d 432 (Ala. 2009), the Alabama Court of Civil Appeals and Alabama Supreme Court, respectively, held that even declaratory judgment actions against State agencies are barred by State immunity under Article I, §14. Finally, the Supreme Court stated in *Ex parte Alabama Department of Transportation*, 978 So.2d 718, 721 (Ala. 2007), that the absolute immunity enjoyed by state agencies "also bars suits for relief by way of mandamus or injunction." Since the Board is a county board of education, and thus a local agency of the State of Alabama, Dr. Burns is protected from the Plaintiffs' claims by the State's absolute, sovereign immunity.

The absolute immunity that the Board enjoys pursuant to Article I, § 14 of the Alabama Constitution (1901) extends to employees of the Board (such as Dr. Burns) who are sued in their official capacities because such claims are the functional

equivalent of claims against the Board, a local agency of the State of Alabama.  *See Matthews v. Alabama A & M University*, 787 So. 2d 691, 697 (Ala. 2000); *see also Ex parte Town of Lowndesboro*, 950 So.2d 1203, 1207 (Ala. 2006)*; Busby v. City of Orlando*, 931 F.2d 764 (11th Cir. 1991); *Alabama Dept. of Transp. v. Harbert Int'l., Inc.,* 990 So. 2d 831, 839 (Ala. 2008); *Ex parte Dangerfield*, 49 So 3d 675, 681 (Ala. 2010).  The Alabama Supreme Court has repeatedly held that claims of this nature are "considered a complaint against the State and is [sic] also barred by Section 14 of the Alabama Constitution."  *Ex parte Mobile County Department of Human Resources*, 815 So. 2d. 547, 530 (Ala. 2001), citing  *Ex parte Alabama Department of Forensic Sciences*, 709 So. 2d. 455, 457 (Ala. 1997); *see also Ex parte Tuscaloosa County*, 796 So. 2d. 1100, 1106 (Ala. 2000);  *Mathews, supra*; *Kentucky v. Graham*,  473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114  (1985); and  *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991).

It is undisputed that Dr. Burns was acting within the line of scope of his employment as Superintendent of the Board at all time material to this action.  All allegations relate to actions taken (or not taken) by Dr. Burns in furtherance of his official duties as Superintendent. Thus, the state law claims against Dr. Burns (Counts III, IV, V, VI and VII) are all due to be dismissed, as said claims are undoubtedly barred by sovereign immunity.

  **b.**  ***State-Agent Immunity Bars Any Individual Capacity Claims***

Dr. Burns is sued in both his official capacity and his individual capacity. However, the *Complaint* only relates to Dr. Burns' actions in his role as Superintendent. Nevertheless, Dr. Burns is also entitled to the protection of State-agent immunity to the extent there are any individual capacity state law claims.  The Alabama Supreme Court, in *Ex Parte Cranman*, 792 So. 2d 392 (Ala. 2000), restated the rules governing immunity of state agents for actions (or inactions) relating to personnel matters:

> A State agent *shall* be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's:
> (1) formulating plans, policies, or designs; or
> (2) **exercising his or her judgment in the administration of a department or agency of government**, including, but not limited to, examples such as:
>> (a) making administrative adjudications;
>> (b) **allocating resources**;
>> (c) **negotiating contracts**;
>> (d) hiring, firing, transferring, assigning, or supervising personnel; or
> (3) discharging duties imposed on a department or agency by statute, rule, or regulation, insofar as the statute, rule, or regulation prescribes the manner for performing the duties and the State-agent performs the duties in that manner; or
> (4) exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons; or
> (5) exercising judgment in the discharge of duties imposed by statute, rule, or regulation in releasing prisoners, counseling or releasing persons of unsound mind, or educating students.

*Id.* at 405 (emphasis added). The defense of State-agent immunity has been statutorily codified at ALA. CODE §36-1-12 (1975).

It is clear that all claims relate to actions or inactions of Dr. Burns in the administration of a department of government, including but not limited to, the negotiation of contracts and allocation of resources. The crux of Plaintiffs' claims arises out of alleged conduct explicitly shielded by immunity. Thus, Dr. Burns is protected by State-agent immunity as to all state law claims.

The only exceptions to State-agent immunity are if the agent is shown by substantial evidence to have acted willfully, maliciously, fraudulently, in bad faith or beyond his or her authority or under mistaken interpretation of the law. *Id.* Plaintiffs bear the burden of proof.  Plaintiffs do not plead any exception.  Plaintiffs allege violation of the bid law and improper cancellation of a contract with a business entity. These are claims against the Board, as only the Board can act on either.  Thus, Dr. Burns does not lose his immunity protection.  Accordingly, Counts III, IV, V, VI and VII are due to be dismissed by virtue of state immunity.

## XI.   DR. BURNS IS ENTITLED TO QUALIFIED IMMUNITY ON THE FEDERAL CLAIM.

Assuming the Complaint's single federal claim overcomes the previous arguments, Dr. Burns is still entitled to qualified immunity, and hence, dismissal. Qualified immunity shelters government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have

known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To be entitled to immunity, the public official must be engaged in a discretionary function at the time he committed the allegedly unlawful act. *Holloman v. Harland*, 370 F.3d 1252, 1263-64 (11th Cir. 2004). "That qualified immunity protects government actors is the usual rule; only in exceptional cases will government actors have no shield against claims made against them in their *individual capacities*." *Lassiter v. Ala. A & M Univ., Bd. of Trs.*, 28 F.3d 1146, 1149 (11th Cir. 1994). "Unless a government agent's act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the government actor has immunity from suit. Because qualified immunity shields government actors in all but exceptional cases, courts should think long and hard before stripping defendants of immunity." *Id*.   "For qualified immunity to be surrendered, pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances." *Id*. at 1150.

The Plaintiffs named Dr. Burns as a Defendant in both his official and individual capacities. When identifying Dr. Burns as a party, the *Complaint* states:

> Defendant Dr. Burns (Burns) is an adult Caucasian male who is Superintendent of the St. Clair County School Board. His duties as St. Clair's Superintendent include serving as the system's chief operating officer, implementing board

policies and overseeing daily operations.

(Doc. 2, p. 2, ¶3).    Dr. Burns' actions, as alleged in the *Complaint*, fall squarely within the realm of those duties alleged in the quote  above.  On the other hand, only the Board can act in the manner sought by Plaintiffs.  *See* Ala. Code § 16-8-8; §16-8-40. There is no allegation that he acted outside of his authority or contrary to some non-discretionary duty. An official exercises discretion when "performing a function that, but for the alleged constitutional infirmity, would have fallen with his legitimate job description" through means that were within the official's power to utilize. *Holloman v. Harland*, 370 F.3d 1252, 1266-67.  Dr. Burns was acting within the scope of his discretionary authority, even as alleged.

"The Supreme Court has set forth a two part analysis for determining whether qualified immunity is appropriate. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  The court must first ask the threshold question whether the facts alleged, taken in the  light most favorable to the plaintiffs, show that the government official's conduct violated a constitutional right. *Id.*" *Dalrymple v. Reno*, 334 F.3d 991, 995 (11th Cir. 2003). The allegations of Plaintiffs' *Complaint* do not show any violation.

The 11th Circuit described the clearly-established-law component of qualified immunity analysis in *Santamorena v. Georgia Military College*:

> Qualified immunity protects government officials performing discretionary functions from civil trials ... and from liability if their conduct violates no clearly established statutory or constitutional rights

of which a reasonable person would have known." To overcome this
immunity, Plaintiffs have the burden of pointing to case law which "pre-
dates the official's alleged improper conduct, involves materially similar
facts,  and 'truly compels' the conclusion that the plaintiffs  had a right
under federal law.

147 F.3d 1337, 1339-40 (11th Cir. 1998) (citations and footnotes omitted).[3] Finally,

Plaintiffs have not alleged and cannot allege that pre-existing case law made it

obvious to any reasonable official in Dr. Burns' position that his  decisions violated

Plaintiffs' rights. Nor does any precedent so clearly establish that any action allegedly

taken by Dr. Burns violated Plaintiffs' constitutional or statutory rights such that any

reasonable official in Dr. Burns' position would have known.[4]  The *Complaint* fails

to allege any specific misconduct by Dr. Burns.  As per Plaintiffs' filings, the contract

dispute at issue does not involve Dr. Burns.  The contracting party was the Board.  Dr.

Burns has no authority to bind the Board without a majority vote of the Board.  *See*

Ala. Code § 16-8-4. Dr. Burns is shielded by qualified immunity.

## XII.   THE OFFICIAL CAPACITY CLAIMS AGAINST DR. BURNS ARE DUPLICATIVE OF THOSE AGAINST THE BOARD.

The style of the *Complaint* names Dr. Burns as a Defendant in both his

individual and official capacities.  Dr. Burns was at all times pertinent an employee

---

[3] *See also Terrell v. Smith*, 668 F.3d 1244, 1255 (11th Cir. 2012) (discussing the ways to demonstrate that a right was clearly established).

[4]  In the 11th Circuit, the law can be clearly established for qualified immunity purposes only by decisions of the U.S. Supreme Court, the Eleventh Circuit Court of Appeals, or the highest court of the state where case arose.  *Hamilton v. Cannon*, 80 F.3d 1525, 1531 n.7 (11th Cir. 1996).

of the Defendant Board, to wit, as Superintendent of St. Clair County Board of Education. (Doc. 2, p. 2, ¶3).  The Board is also a Defendant. (Doc. 2).  All claims are directed at both Defendants. *Id.*  Thus, the official capacity claims against Dr. Burns are duplicative of the claims against the Board and, therefore, unnecessary.

The Eleventh Circuit Court explained in *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991):

> In contrast to individual capacity suits, when an officer is sued under Section 1983 in his or her official capacity, the suit is simply "'another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. at 165, 105 S. Ct. at 3105 (citing *Monell v. Department of Social Servs.*, 436 U.S. 658, 690 n. 55, 98 S. Ct. 2018, 2035 n. 55, 56 L. Ed. 2d 611 (1978)). Such suits against municipal officers are therefore, in actuality, suits directly against the city that the officer represents.
> . . .
>
> Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials.

*Id*. at 776.  The Eleventh Circuit also noted in *Busby* that to keep both a government agency and its officers sued in their official capacity as defendants in a case would be redundant and possibly confusing to the factfinder.  *Id*.  Dr. Burns is therefore entitled to have all official capacity claims against him dismissed.

**WHEREFORE, ABOVE PREMISES CONSIDERED**, Defendant Dr. Burns is entitled to dismissal from this action. The Plaintiffs' *Complaint* fails to state a claim

against Dr. Burns, and thus he is entitled to dismissal pursuant to FED. R. CIV. P. 12(b)(6).

s/ Mark S. Boardman
Mark S. Boardman (ASB-8572-B65M)
Grant H. Howard (ASB-7231-R54H)
BOARDMAN, CARR, PETELOS,
WATKINS, OGLE & HOWARD, P.C.
400 Boardman Drive
Chelsea, Alabama 35043-8211
Telephone:  (205) 678-8000
Facsimile:  (205) 678-0000

Attorneys for Defendant Justin Burns

## CERTIFICATE OF SERVICE

I hereby certify that on **July 19, 2024**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Otis Stewart, Jr., Esq.
THE STEWART FIRM, LLC
208 23rd Street North
Birmingham, Alabama 35203

/s/ Mark S. Boardman
OF COUNSEL